**A. W. JACKMAN, Jr., Ormond Beach, Florida,**

v.

**MILITARY PUBLICATIONS, INC., Jenkintown, Pennsylvania.**

**Civ. A. No. 29465.**

United States District Court
E. D. Pennsylvania.
Sept. 28, 1964.

John F. Naulty, Philadelphia, Pa., for plaintiff.

Joseph L. McGlynn, Jr., Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This is an action to recover certain alleged unpaid compensation under an employment contract between plaintiff and the defendant company. After a non-jury trial before this court, judgment was entered against the plaintiff and in favor of the defendant company based upon findings of fact and conclusions of law made by the court at the end of the trial. Plaintiff subsequently filed a motion for new trial which is now before the court for disposition.

The contract between the parties provided that plaintiff would act as "representative" for the defendant in the sale of yearbooks to personnel of the military services located at Fort Knox, Kentucky and Fort Dix, New Jersey. The contract further provided that plaintiff would receive as compensation for his services "a flat salary of $10,000 * * * per year * * *" plus a commission of five percent on gross sales

of books and publications at Fort Dix, New Jersey, and on sales at Fort Knox, a commission of five percent on gross sales in excess of 3,000 copies. The contract contained no clause indicating how long the employment relationship was to exist.

From 1957 to 1959, plaintiff acted as agent for the defendant. During this period, plaintiff obtained from the authorities at Fort Knox and Fort Dix written permission for himself and other agents of defendant to contact the personnel stationed at these posts and to attempt to sell yearbooks to them. A great number of yearbooks were sold during this period and plaintiff has been fully compensated under the contract with defendant for his services during the period in which defendant concedes that plaintiff worked for it.

On May 15, 1959, defendant sent a written termination notice to plaintiff purporting to terminate the employment contract on that day. The issue in the case is whether or not defendant had the legal right under the terms of the employment contract to terminate it at will.

 The contract was executed in Pennsylvania. Pennsylvania law therefore controls. In Pennsylvania "[t]he general rule is that when a contract provides that one party shall render services to another, or shall act as an agent, or shall have exclusive sales rights within certain territory, but does not specify a definite time or prescribe conditions which shall determine the duration of the relation, the contract may be terminated by either party at will (citations omitted). The burden is on the plaintiff in such cases to overcome the presumption by showing facts and circumstances establishing some tenure of employment." Cummings v. Kelling Nut Co., 368 Pa. 448, 451–452, 84 A.2d 323, 325 (1951). Rosenfeld v. Rosenfeld, 390 Pa. 39, 133 A.2d 829, 66 A.L.R.2d 1013 (1957). There are no facts or circumstances in the present case which might indicate an intention of the parties that the contract should run for a definite period or beyond a time when the plaintiff's employment might be terminated.

 Plaintiff points to the fact that a clause of his contract provided that if he should die the money due to him would be paid to his estate. In this, there is a slight indication of an intention of the parties to pay the plaintiff even after his agency and services might terminate. However, it also can be construed to mean only that if anything is owed to plaintiff when he dies the sum owing to him should be paid to his estate. This is the more proper construction of the clause. The construction urged by plaintiff would produce a meaning to the effect that the plaintiff or his estate would be entitled to payments from defendant in the contract amount as long as defendant, using plaintiff or other agents, would sell yearbooks at Fort Knox and/or Fort Dix. This construction would give to plaintiff a lifetime annuity under the contract regardless of whether his services would be helpful to defendant through the years. There is no evidence that plaintiff's services were sufficiently valuable to indicate that the parties intended to do this.

To further support his contention that he is entitled to be paid after defendant's termination of the contract, plaintiff uses as an analogy the situation of a life insurance salesman who receives commissions on policies he has sold even after his connection with the insurance company may have ceased. This analogy is inapplicable for the reason that the insurance salesman is merely receiving commissions on policies which he has sold, while in the present case the plaintiff here is attempting to receive commissions on sales which other agents have made.

The court adheres to the findings of fact and conclusions of law which it made immediately after the conclusion of this non-jury trial. The judgment entered at that time in favor of the defendant must stand. Accordingly, plaintiff's motion for a new trial will be denied.